**Hersko v Hersko**

2024 NY Slip Op 32483(U)

July 22, 2024

Supreme Court, Kings County

Docket Number: Index No. 520492/2021

Judge: Wayne P. Saitta

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

At an IAS Term, Part 29 of the Supreme Court of the State of New York, held in and for the County of Kings, at the Courthouse, at Civic Center, Brooklyn, New York, on the 22nd day of July 2024.

P R E S E N T:

HON.   WAYNE SAITTA, Justice.

---------------------------------------------------------------X

ISAAC HERSKO a/k/a YITZCHOK SHLOMO HERSKO,

                  Plaintiff,       Index No 520492/2021

        -against-

BARRY HERSKO a/k/a ZEV DOV HERSKO a/k/a BEREL HERSKO, BELLA HERSKO, WILSON-HINS ASSOCIATES, INC, CLARK WILSON, INC., WILSON PROPERTIES & EQUITIES, INC., WILSON FLAT, INC., WILSON HAN ASSOCIATES, INC., WILSON-MER ASSOCIATES, INC., B. CLARK ASSOCIATES, INC., 516 KINGSTON, LLC and

ABRAHAM WEISEL, as escrow agent,

                  Defendants.

---------------------------------------------------------------X

DECISION AND ORDER

MS 13

The following papers read on this motion:

| | NYSCEF Doc Nos |
|---|---|
| Notice of Motion/Order to Show Cause/ Petition/Affidavits (Affirmations) and Exhibits | 306-308 |
| Cross-motions Affidavits (Affirmations) and Exhibits | |
| Answering Affidavit (Affirmation) | 373 |
| Reply Affidavit (Affirmation) | 377 |
| Supplemental Affidavit (Affirmation) | |

This case involves a dispute between two brothers ownership of nine properties in Brooklyn (the Properties) and other investments. The Brooklyn properties are all in the name of corporations or LLC's in the name of BARRY HERSKO.

[* 1]

In this motion Plaintiff seeks an order pursuant to CPLR 5107 directing the sheriff of the County of Kings to convey 50% ownership of the Brooklyn Properties to him.

Plaintiff ISAAC HERSKO commenced this action alleging that he and his brother BARRY HERSKO were business partners and that they had an agreement that they would invest in real properties and that separate and distinct entities would be formed to purchase and hold title to each Property but that BARRY HERSKO would be listed as the sole shareholder of these companies.

Plaintiff alleges that the agreement provided that Isaac and Barry were equal partners in their business dealings related to the Properties, including, but not limited to, the share of rents received from tenants occupying the Properties. and that ISSAC HERSKO was entitled to 50% of the monies deposited with WEISEL.

The brothers entered into a written agreement which memorialized their agreement which provided that the brothers were equal partners in the properties, in other joint investments, and monies deposited with Defendant WEISEL.

As relevant to this motion, the complaint sought, among other relief a declaration that ISAAC HERSKO is a 50% owner in each of the Properties and the imposition of a constructive trust on the properties.

Justice Rothenberg granted ISSAC HESKO's motions for default judgments against BARRY HESRKO and the Defendant Corporations by order dated April 21, 2022. That Order was affirmed on appeal.

2

[* 2]

Plaintiff argues that based on the order granting leave to file a default judgment, Plaintiff is entitled to have 50% interest in each property conveyed to him.

Defendant argues that the motion is premature as no judgment directing Defendants to convey any interest in the properties has yet been entered. The order granted the motion for a default judgment without specifying the terms of the judgment.

Defendant also argues that the pleadings do not support the issuance of a judgment directing conveyance of 50% interest in the Properties to Plaintiff. Specifically, that the complaint states that the Properties are owned by corporations not by Defendant BARRY HERSKO individually.

The motion is in fact premature because no judgment has yet been issued for the Sheriff to enforce. Further, the specifics of the relief to be awarded, based on the traversable facts in the complaint deemed admitted by the default, have yet to be determined.

The complaint alleges that ISAAC HERSKO is a 50% owner in each of the Properties. However, the complaint also alleges that the agreement between the brothers was that separate and distinct entities would be formed to purchase and hold title to each Property. The complaint alleges that each of the Properties is owned by a corporation of which BARRY HERSK is the sole shareholder.

The complaint further alleged that ISAAC and BARRY  HERSKO memorialized their agreement in a writing. The written agreement recites that the properties are in corporations the shares or which are solely in the name of BARRY HERSKO (referred to in the agreement as Party B). The agreement provides that ISAAC and BARRY HERSKO

3

are equal partners in the Properties and that ISAAC HERSKO (referred to as Party A), can "demand that he be added formally to the name of the corp."

Thus, it must still be determined whether the default judgment should direct conveyance of the Properties themselves or the shares in the corporations owning the Properties.

WHEREFORE, it is ORDERED that Plaintiff's motion for an order directing the Sheriff to convey a 50% interest in the Properties is denied as premature.

E N T E R:

_____
JSC

4